**Leon Heinz POGUE, Petitioner–Appellant,**

v.

**The State of CALIFORNIA; et al., Defendants–Appellees.**

**No. 05–16066.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 28, 2007.

Leon Heinz Pogue, Coalinga, CA, pro se.

John William Riches, II, Esq., James E. Flynn, Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Leon Heinz Pogue, a California state prisoner, appeals pro se from the district court's order denying his motion to enforce a Settlement Agreement under which the California State Prison at Solano ("Solano") agreed to establish a diet plan for Kosher-observant inmates. We have jurisdiction under 28 U.S.C. § 1291. We review issues of standing de novo, *Sahni v. American Diversified Partners*, 83 F.3d 1054, 1057 (9th Cir.1996), and we affirm.

In an underlying action, an observant Jewish inmate at Solano alleged the failure to provide him with Kosher meals violated his rights. The parties entered into a Settlement Agreement that specified that a Kosher diet program was established for "all kosher-observant inmates" holding a "Special Religious Diet Card issued by the Department of Corrections ... overseen by a Jewish Chaplain under the supervision of an orthodox or conservative rabbi ... [who] shall make the ultimate determinations on violations of the Kosher Diet Program ... to accommodate all kosher-observant Jewish inmates housed by the California Department of Corrections." The district court properly concluded that Pogue and other non-Jewish inmates who sought to participate in the Kosher diet plan had no standing to enforce the Settlement Agreement because the Kosher diet plan was intended to benefit only Jewish inmates. *See Hook v. Ariz. Dep't of Corrs.*, 972 F.2d 1012, 1015 (9th Cir.1992) (only intended third-party beneficiaries

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have standing to enforce settlement agreements).

To the extent Pogue asserted constitutional and other claims that were not based on enforcement of the Settlement Agreement, the district court properly denied these claims without prejudice to refiling in the Eastern District of California. *See* 28 U.S.C. § 1391(b).

**AFFIRMED.**